KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Paul J. Zoeller (PZ4621)
Kevin J. Dooley (KD0417)
Daniel Turinsky (DT3956)
1633 Broadway
New York, New York 10019
(212) 506-1700
ATTORNEYS FOR PLAINTIFF

05 CV 5279

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ELLIOTT ARONSON,

               Plaintiff

   -against-

BARCLAYS BANK PLC,

              Defendant.
-------------------------------------------------------x

No.:

COMPLAINT

RECEIVED JUN 03 2005 U.S.D.C. CASHIER

      Plaintiff Elliott Aronson ("Plaintiff"), for his complaint against defendant Barclays Bank PLC ("Defendant"), alleges as follows:

## INTRODUCTION

      1.    This is an action seeking damages for Defendant's failure to provide timely and proper notice to Plaintiff of Plaintiff's right, under COBRA, 29 U.S.C. §§1161 – 1167, to continuation of the group health care coverage of which Plaintiff is a qualified beneficiary. Pursuant to an employment agreement entered into on April 12, 2004, Plaintiff was employed by Defendant and one of its Divisions, Barclays Capital Inc., and Defendant provided group health care coverage to Plaintiff. On March 8, 2005, Plaintiff's employment was terminated. Although Plaintiff was a qualified beneficiary who was entitled to notice by Defendant of his right to continuation of health insurance coverage subsequent to the termination of his employment,

155304-v6

Defendant has failed to provide Plaintiff with such notice within the time allowed under COBRA. As a result of Defendant's wrongful failure to provide timely and proper notice of his rights under COBRA, Plaintiff seeks (1) statutory damages pursuant to 29 U.S.C. §1132(c) and (2) attorneys fees and costs pursuant to 29 U.S.C. §1132(g).

## THE PARTIES

2. Plaintiff Elliott Aronson is a natural person who is a citizen of the State of New York, residing in New York County.

3. Defendant Barclays Bank PLC is a foreign corporation that regularly does business in the State of New York.

## JURISDICTION AND VENUE

4. This action arises under the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29. U.S.C. §§1161 – 1167, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1132. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTS

6. On or about April 12, 2004, Plaintiff entered into an employment contract (the "Employment Contract") with Defendant and Defendant's investment banking division, Barclays Capital Inc., under which Plaintiff accepted employment as Director and Large Loan Originator in the Global Credit Products Department.

155304-v6

7. On April 12, 2004, Mr. Aronson expressly accepted Defendant's offer of employment as set forth in the Employment Contract. Mr. Aronson thereafter commenced employment at Barclays on or about May 19, 2004.

8. As part of Plaintiff's employment, Defendant offered, and Plaintiff accepted, group health care coverage.

9. On March 7, 2005, Plaintiff's employment was suspended without any written explanation, and on March 8, 2005, Plaintiff's employment was fully terminated.

10. The termination of Plaintiff's employment was a "qualifying event" under 29 U.S.C. §1163(2) and, accordingly, Defendant was obligated to give to Plaintiff, and Plaintiff was entitled to receive from Defendant, timely notice, pursuant to 29 U.S.C. §1166, of Plaintiff's right to continue his group health care coverage under COBRA.

11. On May 26, 2005, in response to an inquiry by Plaintiff's counsel, Defendant's counsel articulated Defendant's untenable position that it terminated Plaintiff's employment for "gross misconduct" (which Plaintiff denies) and that, accordingly, Defendant believes that it was under no obligation to provide Plaintiff with notice under COBRA or to extend COBRA benefits to Plaintiff. As of June 3, 2005 – 86 days after Defendant's termination of Plaintiff's employment – Defendant still has not provided Plaintiff with the notice required by COBRA.

<u>COUNT I</u>
(Failure to Provide Timely and Proper Notice of COBRA Benefits)

12. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 11 hereof as if set forth in full.

13. Pursuant to the Employment Contract, Defendant offered to Plaintiff health care coverage under a group health plan offered by Defendant to its employees.

14. Plaintiff accepted the aforementioned health care coverage offered by Defendant under the group health plan offered by Defendant to its employees.

15. On March 8, 2005, Plaintiff's employment was fully terminated. This termination was a "qualifying event" under 29 U.S.C. §1163(2) that rendered Plaintiff a "qualified beneficiary," as defined under 29 U.S.C. §1167(3)(B), of the health care coverage provided by Defendant to Plaintiff under its group health plan.

16. Because Plaintiff was a qualified beneficiary of said group health plan, Defendant was obligated to provide proper and timely notice to Plaintiff, pursuant to 29 U.S.C. §1166, of Plaintiff's right to continuation of his health care coverage under the group health plan offered by Defendant.

17. Defendant has failed to provide to Plaintiff any notice regarding his right to continuation of health care coverage pursuant to COBRA.

18. By reason of the foregoing, Plaintiff is entitled to statutory damages pursuant to 29 U.S.C. §1132(c) and attorneys fees and costs pursuant to 29 U.S.C. §1132(g), in an amount to be determined at trial, together with interest thereon.

- 4 -

155304-v6

WHEREFORE, Plaintiff demands judgment:

(a)     on Count I, against Defendant awarding Plaintiff statutory damages 29 U.S.C. §1132(c) in an amount to be determined at trial;

(b)     attorneys fees and costs pursuant to 29 U.S.C. §1132(g) in an amount to be determined at trial; and

(c)     such other and further relief as is just and proper.

Plaintiff demands a trial by jury of this action.

Dated: New York, New York
      June 3, 2005

                    KASOWITZ, BENSON, TORRES
                    & FRIEDMAN LLP

By: _____
      Paul J. Zoeller (PZ4621)
      Kevin J. Dooley (KD0417)
      Daniel Turinsky (DT3956)
1633 Broadway
New York, New York 10019
(212) 506-1700

ATTORNEYS FOR PLAINTIFF

155304-v6